# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Dominique Mayfield,<br><br>    Plaintiff,<br><br>v.<br><br>Portfolio Recovery Associates, LLC,<br><br>    Defendant. | Civil File No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## NATURE OF THE ACTION

1. This lawsuit arises from unlawful collection attempts by the Defendant.

2. The causes of action herein are brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

3. The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, and debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a).

4.     The FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

5.     The FDCPA focuses on the conduct of the debt collector and not on the merits of the alleged debt. Whether a debt is actually owed has no relevance to whether the debt collector complied with the FDCPA. Consequently, the individuals from whom debt collectors seek payment are defined as "consumers." 15 U.S.C. § 1692a.

6.     When collecting or attempting to collect a debt, the FDCPA demands the debt collector treat people respectfully, honestly, and fairly by, among other things, proscribing its use of: (a) false, deceptive, or misleading means or representations; and (b) unfair or unconscionable means. 15 U.S.C. §§ 1692e, and 1692f.

7.     Each of those Sections contain a list of specific *per se* violations that Congress has determined "are violations" of the FDCPA.

8.     The FDCPA is a strict-liability statute, which provides for actual or statutory damages upon the showing of one violation, regardless of any actual damages.

9.      When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. 15 U.S.C. § 1692k(a). Statutory damages are limited to no more than $1,000.

10.     Congress intended the FDCPA to be self-enforcing by private attorney generals. *See* S. Rep. No. 95-382 p.5 (describing FDCPA as "self-enforcing"); *see also Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991); *Armstrong v. Rose Law Firm, P.A.*, 2002 U.S. Dist. LEXIS 16867, *4 (D. Minn. 2002).

11.     "'Unlike most private tort litigants, [a plaintiff who brings an FDCPA action] seeks to vindicate important * * * rights that cannot be valued solely in monetary terms,' *City of Riverside v. Rivera*, 477 U.S. 561, 106 S. Ct. 2686, 91 L. Ed. 2d 466, (1986), and congress has determined that the public as a whole has an interest in the vindication of the statutory rights." *Tolentino v. Friedman*, 46 F.3d 645, 652 (7th Cir. 1995) (bracket and ellipses in original).

## JURISDICTION

12.     This Court's jurisdiction arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3

13. This action arises out of Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

14. Venue is proper in this District because the acts and transactions at issue occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

15. Plaintiff Dominique Mayfield is a natural person and a resident of Minnesota. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

16. Defendant Portfolio Recovery Associates, LLC ("PRA") is a Delaware limited liability company that engages in extensive debt collection activity in Minnesota.

17. Portfolio Recovery Associates, LLC purchases allegedly defaulted debts to collect from consumers; the debts PRA purchases are allegedly in default when Portfolio purchases them, and were incurred or allegedly incurred by the consumers for personal, family, or household purposes.

18. Portfolio Recovery Associates, LLC is headquartered at 120 Corporate Boulevard, Suite 100, Norfolk, Virginia 23502.

19. Portfolio Recovery Associates, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because Portfolio Recovery Associates, LLC uses

instrumentalities of interstate commerce and/or the mails in a business the principal purpose of which is the collection of debts. In addition, on information and belief, Portfolio Recovery Associates, LLC regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

20. The principal purpose of Portfolio Recovery Associates, LLC is the collection of debts. More than half of its revenues are derived from debt collection and, in this case, Portfolio Recovery Associates, LLC filed a lawsuit against Plaintiff to collect on the alleged debt.

21. The Court of Appeals for the Eighth Circuit has previously applied the FDCPA to Portfolio Recovery Associates, LLC's litigation conduct. *See Haney v. Portfolio Recovery Associates, LLC.*, 895 F.3d 974 (8th Cir. 2016).

22. The United States Government determined in its Federal Government Injunction Consent Order that Portfolio Recovery Associates "is a 'debt collector' within the meaning of the FDCPA, 15 U.S.C. § 1692a(6)."

## **FACTS**

23. Portfolio Recovery Associates, LLC attempted to commence a debt-collection lawsuit against Plaintiff through service of a Summons and Complaint. Portfolio Recovery Associates, LLC filed the summons and complaint in

Hennepin County District Court, where it was assigned case number 27-cv-20-458.

24.     The alleged debt forming the basis for the lawsuit constituted an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services that were the subject of the transaction were primarily for personal, family, or household purposes.  As such, the alleged obligation is a "debt" as defined in 15 U.S.C. § 1692a(5).

25.     In the complaint, Defendant alleges that "the defendant owed $4,327.10 for credit on a Synchrony Bank– Wal-Mart [sic] account ending in ***********0509."

26.     Defendant further alleges in the complaint that "[s]aid claim was assigned, for good consideration, to the plaintiff [Portfolio Recovery Associates, LLC] and the aforementioned balance remains due and owing."

27.     The Summons that Defendant served on Plaintiff contained the following language: "You ***must*** send a copy of your answer to the person who signed this summons located at: PO Box 2427, Fargo, ND 58108-2427." (emphasis added).

28.     This statement is false and contrary to Minnesota law. Minn. R. Civ. P. 4.01 ("The summons shall state the name of the court and the names of the

6

parties, be subscribed by the plaintiff or by the plaintiff's attorney, ***give an address <u>within the state</u> where the subscriber may be served in person and by mail***, state the time within which these rules require the defendant to serve an answer, and notify the defendant that if the defendant fails to do so judgment by default will be rendered against the defendant for the relief demanded in the complaint.") (emphasis added).

29. Plaintiff was actually confused by Portfolio Recovery Associates, LLC's false statement.

30. A court in Minnesota vacated a judgment that Portfolio Recovery Associates, LLC had obtained using the same summons, holding that the summons was not only deficient as a matter of Minnesota law but also "misleading" to the consumer. *See Portfolio Recovery Associates, LLC v. Sonji Wiley*, Hennepin County Case No. 27-cv-19-21436. A copy of the order is attached as Exhibit A.

31. The *Wiley* Court subsequently dismissed the case based upon the defective summons. A copy of the dismissal order is attached as Exhibit B.

32. Similarly, on July 31, 2020, the Minnesota state court granted Felicia Yang's motion to dismiss Portfolio Recovery Associates, LLC's complaint against Ms. Yang based upon the false statement in the same summons.

33. A copy of the July 31, 2020 *Yang* Order is attached as Exhibit C.

34. The *Yang* Court held that "[b]ecause the Rule requires that the Summons provide a Minnesota address for service by mail on the subscriber, this Summons is insufficient under Rule 4.01." *Id.*

35. The *Yang* Court also held that "Here, in contrast, the defect involved supplying Ms. Yang with ***incorrect information*** regarding how to respond to the Complaint." *Id.* (emphasis added).

36. Under the doctrine of collateral estoppel, the Hennepin County decisions in *Wiley* and *Yang* bar Defendant from arguing in this case that the summons was not defective.

37. A third Hennepin County State Court held that the summons was defective in *Portfolio Recovery Associates, LLC v. Melissa Becker*, Hennepin County Case No. 27-cv-19-21436. Case No. 27-cv-20- 2936

38. The *Becker* Court held that: "Clearly, the summons in this case failed to comply with Minn. R. Civ. Pro. 4.01."

39. The *Becker* Court also held that:

> Specifically, the summons in this case contains uncertain and misleading information in that Defendant "must send a copy of [her] Answer to the person who signed this summons located at: PO Box 2427, Fargo, ND 58108-2427." ***This uncertain and misleading instruction***, coupled with the confusing stand-alone "service" references on the lower left hand side of the summons ***hinders Defendant's ability to answer and defend in this case.*** (emphasis added).

8

*FDCPA Violations*

40. Defendant's false statement that Plaintiff ***must*** serve her answer at a Post Office Box in North Dakota violates Minn. R. Civ. P. 4.01 and constitutes a violation of 15 U.S.C. § 1692f(1). *See Klein v. SZJ, Ltd.*, 2019 U.S. Dist. LEXIS 361, *5 (D. Minn. 2019) ("A plaintiff who pleads a violation of § 1692f(1) based on an action not 'permitted by law' must necessarily plead that another law, not the FDCPA, was violated."); *see also Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685, 696 (8th Cir. 2017) ("Letters attempting to collect money not permitted by law are 'a violation of the plain language of section 1692f(1).'") (quoting *Duffy v. Landberg*, 215 F.3d 871, 875 (8th Cir. 2000))..

41. In addition, the false and misleading statement in Defendant's summons (that Plaintiff *must* send her response to the complaint across state lines) violated 15 U.S.C. §§ 1692e(5) and 1692e(10).

42. These false and misleading statements caused Plaintiff an informational injury as it misled her with regard to the rules governing her response to the claim against her.

43. Defendant's conduct described herein caused particularized and concrete harm to Plaintiff. Plaintiff's statutory rights to truthful, non-misleading, non-oppressive, non-unconscionable communications and tactics in debt collection efforts were violated.

9

44. Defendant's violations of the FDCPA denied Plaintiff access to truthful information, which is a concrete form of informational injury under Article III, and the denial of that information on its own is sufficiently concrete. *See Church v. Accretive Health, Inc.*, 2016 WL 3611543 (11th Cir. 2016); *Demarais v. RAzOR Capital, LLC*, 869 F.3d 685 (8th Cir. 2017).

45. Defendant's violations of the FDCPA illustrate the risk of tangible harm from debt-collector misrepresentations and other misconduct, which is an increased risk of harm that itself supports standing here.

46. Defendant's actions caused an injury that is personal to Plaintiff, and is not a nonjusticiable generalized grievance.

## TRIAL BY JURY

47. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7; Fed. R. Civ. P. 38.

## CAUSE OF ACTION

## (VIOLATION OF THE FDCPA)

48. Plaintiff incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

49. The foregoing acts and omissions by Defendant constitute multiple violations of the FDCPA.

50. Specifically, Defendant violated 15 U.S.C. §§ 1692e(5), 1692e(10), and 1692f(1).

51. As a result of these violations, Plaintiff has suffered concrete and particularized harm, including depriving her of her rights granted by Congress through the FDCPA (for example, the right to accurate representations in connection with debt collection activities).

52. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

    a. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    b. For an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. For an award of costs of litigation including reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    d.  For such further and other relief as may be just and proper.

DATED: January 1, 2021

> By:   /s Darren B. Schwiebert
> Darren Brayer Schwiebert (#260642)
>  Debtlawsuitrelief@gmail.com
> DEBT LAWSUIT RELIEF, INC.
> 301 Fourth Avenue South, Suite 280N
> Minneapolis, MN 55415
> 612.413.0577
>
> Attorney for Dominique Mayfield
>
> Debt Lawsuit Relief, Inc. is a 501(c)(3) non-profit organization.  The purpose of this corporation is providing relief to the poor and distressed by providing legal services to persons who were otherwise financially incapable of obtaining such services.