UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Dominique Mayfield,<br><br>    Plaintiff,<br><br>v.<br><br>Portfolio Recovery Associates, LLC,<br><br>    Defendant. | Case No. 21-cv-00001 (SRN/KMM)<br><br>**ORDER** |

Darren B. Schwiebert, DBS Law LLC, 301 Fourth Avenue South, Suite 280N, Minneapolis, MN 55415, for Plaintiff.

Avanti Bakane, Gordon Rees Scully Mansukhani, LLP, 1 North Franklin, Suite 800, Chicago, IL 60606; Jaime Wiesenfeld, Gordon Rees Scully Mansukhani, LLP, 555 Seventeenth Street, Suite 3400, Denver, CO 80202; and Suzanne L. Jones, Gordon Rees Scully Mansukhani, LLP, 100 South Fifth Street, Suite 1900, Minneapolis, MN 55402, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Motion to Dismiss [Doc. No. 15] filed by Defendant Portfolio Recovery Associates, LLC ("PRA") and the Motion for Partial Summary Judgment [Doc. No. 29] filed by Plaintiff Dominique Mayfield. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **GRANTS** Mayfield's motion and **DENIES** PRA's motion.

1

I.  **BACKGROUND**

The material facts of this case are undisputed. PRA sued Mayfield in state court to collect a debt Mayfield allegedly owed on a store credit card. On November 10, 2019, PRA served a summons on Mayfield which included the following statement:

> **2. YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at: PO Box 2427, Fargo, ND 58108-2427.

(Decl. of Darren Schwiebert ("Schwiebert Decl.") [Doc. No. 33], Ex. A ("Summons"); Certificate of Service [Doc. No. 38-2].[1]) The summons also stated that:

> **4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

(Summons at 1.) The person who signed the summons was "April Gonzalez Anderson," and the summons provided "PO Box 2427, Fargo, ND, 58108-2427" as her address. (*Id.* at 2.) Below the signature block, the summons contained the following additional information:

> **PERSONAL SERVICE**
> c/o Anita Sunde

---

[1] The Court notes that PRA has filed its exhibits in violation of Local Rule 7.1(l) ("Parties must not file affidavits or exhibits as attachments to a memorandum that they support. Instead, such affidavits and exhibits must be field separately."). Although the Court will consider PRA's exhibits notwithstanding this error, the Court reminds the parties' counsel to carefully review and follow this Court's rules in the future.

2

> 1112 6th Ave NE
> Dilworth, MN 56529
>
> **SERVICE BY MAIL**
> PO Box 1014
> Moorhead, Minnesota 56560

(*Id.*)

Mayfield did not serve an answer. PRA filed the summons on January 9, 2020 in the Hennepin County District Court, and obtained a default judgment against her. (*See id.* at 1; Judgment [Doc. No. 16-5].) On June 28, 2021, the state court found that PRA's summons violated Minnesota Rule of Civil Procedure 4.01, which at the time provided that a "summons shall . . . give an address *within the state* where the subscriber may be served in person and by mail." Minn. R. Civ. P. 4.01 (emphasis added).[2] The court therefore granted Mayfield's motion to vacate the judgment, and dismissed PRA's complaint without prejudice. (Second Schwiebert Decl. [Doc. No. 42], Ex. M, at 7.) Notably, the court found that PRA "knew as early as May of 2020 that its summons in this case was defective, and chose to do nothing about it." (*Id.*) PRA used the same summons in several other cases, and each of the state courts to consider the issue found that it violated Rule 4.01. *See Wiley v. Portfolio Recovery Assocs., LLC*, No. 20-cv-00737 (SRN/KMM), 2021 WL 780763, at *1 (D. Minn. Mar. 1, 2021) (noting the state courts' findings).

---

[2] The Minnesota Supreme Court has since amended the rule, effective July 1, 2021, to remove this requirement. *See* Minn. R. Civ. P. 4.01 cmt. ("The committee believes that this provision suited the needs of a different time, and that no compelling reason exists to require a Minnesota address to commence litigation.").

3

Subsequently, Mayfield filed this action, alleging that PRA violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by serving and filing the defective summons. (Compl. [Doc. No. 1], at ¶¶ 23, 49-50.) PRA now moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6), and Mayfield moves for partial summary judgment regarding PRA's liability.

On March 1, 2021, this Court considered identical claims asserted by three other plaintiffs against PRA. *See Wiley*, 2021 WL 780763. The Court found that PRA's summons did not comply with Rule 4.01, that the summons constituted a threat to obtain a default judgment based on the defective summons, and that PRA therefore violated § 1692e(5) of the FDCPA. *Id.* at *5.

## II. DISCUSSION

### A. Standard of Review

PRA's Motion to Dismiss largely challenges the legal sufficiency of Mayfield's FDCPA claims, rather than whether Mayfield's Complaint alleges sufficient facts to support her claims. That is, PRA's arguments relate to whether the summons supports a claim under the FDCPA as a matter of law. Mayfield's Motion for Partial Summary Judgment, and PRA's response to it, raise the same legal issues. Because the Court ultimately finds that the undisputed facts in the record do establish PRA's liability under the FDCPA in the summary judgment posture, and that finding requires the Court to analyze and resolve the legal issues presented in PRA's Motion to Dismiss, the Court will apply the standard applicable to motions for summary judgment and will not separately analyze PRA's arguments under the Rule 12 rubric.

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if it may affect the outcome of the lawsuit." *TCF Nat'l Bank v. Mkt. Intelligence, Inc.*, 812 F.3d 701, 707 (8th Cir. 2016). And a factual dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In evaluating a motion for summary judgment, the Court must view the evidence and any reasonable inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Although the moving party bears the burden of establishing the lack of a genuine issue of fact, the party opposing summary judgment may not "rest on mere allegations or denials but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." *Krenik v. Cty. of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995) (internal quotation marks omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Moreover, summary judgment is properly entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

**B.     Analysis**

Mayfield alleges that by serving and filing its defective summons,[3] PRA violated 15 U.S.C. §§ 1692e(5), 1692e(10), and 1692f(1). PRA presents numerous challenges to Mayfield's claim, including that Mayfield has not shown an injury in fact sufficient to support standing, that Mayfield's claims are time-barred, and that the summons's failure to comply with Rule 4.01 does not satisfy the requirements of a claim under subdivisions e(5), e(10), or f(1) of the FDCPA. As in *Wiley*, the Court finds that Mayfield has established PRA's liability under § 1692e(5), which prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." Accordingly, the Court's analysis of Mayfield's standing and the merits of her claims will focus solely on her e(5) claim. *See Hartley v. Suburban Radiologic Consultants, Ltd.*, 295 F.R.D. 357, 373 n.5 (D. Minn. 2013) ("[A] single violation of the FDCPA is sufficient to expose a defendant to liability for statutory damages." (citation omitted)).

    **1.     Standing**

In order to demonstrate standing, a plaintiff must show that she "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136

---

[3] Although PRA strenuously argues that Rule 4.01's requirement that every summons list a Minnesota address is antiquated, PRA does not appear to deny that its summons failed to comply with Rule 4.01 as it existed when PRA served and filed its summons. To the extent PRA disputes that its summons was legally defective, the Court finds that PRA is precluded from relitigating that issue by this Court's decision in *Wiley*, 2021 WL 780763, at *5 ("The Court finds that PRA's summons violated Minnesota Rule of Civil Procedure 4.01, and was therefore legally defective.").

S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016) (citation omitted). PRA argues that Mayfield has not satisfied the injury-in-fact requirement. "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* (quotation omitted). A "particularized" injury is one that affects the plaintiff in a "personal and individual way," and a concrete injury is one that "actually exists." *Id.* at 1548. "[A] bare procedural violation, divorced from any concrete harm," does not "satisfy the injury-in-fact requirement." *Id.* at 1549. But "[w]here 'the violation of a procedural right granted by statute' creates the risk of real harm, a plaintiff 'need not allege any *additional* harm beyond the one Congress has identified.'" *Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685, 691 (8th Cir. 2017) (quoting *Spokeo*, 136 S. Ct. at 1549).

Here, PRA argues that the use of a North Dakota address on its summons did not result in any injury to Mayfield. According to PRA, had Mayfield sent her answer to that address, PRA would have received it without any difficulty. PRA also asserts that the use of the North Dakota address had no effect on Mayfield's decision not to answer the complaint.

Although these arguments have some persuasive force with respect to Mayfield's § 1692e(10) misrepresentation and § 1692f(1) claims, they miss the mark with respect to Mayfield's § 1692e(5) claim. Mayfield alleges that by filing its summons, PRA threatened to obtain a (legally invalid) default judgment against her based on its defective summons. As the Court explains below, and as it explained in *Wiley*, the summons constitutes a "threat to take an[] action that cannot legally be taken." 15 U.S.C. § 1692e(5). The threat to obtain

an invalid default judgment caused a concrete, particularized injury to Mayfield. *Cf. Demarais*, 869 F.3d at 692 ("The harm of being subjected to baseless legal claims, creating the risk of mental distress, provides the basis for both § 1692f(1) claims and the common-law unjustifiable-litigation torts. Congress recognized that abusive debt collection practices contribute to harms that can flow from mental distress . . . ."). Importantly, PRA made good on its threat against Mayfield. PRA in fact obtained a default judgment, which stood for seventeen months until the state court vacated it. Moreover, contesting the default judgment added an additional phase to Mayfield's state court collection litigation, with additional expenses, stresses, and commitments of Mayfield's time. *Cf. id.* at 693 ("For standing purposes, a loss of even a small amount of money is ordinarily an 'injury.'"). It is the risk of such harms that motivated Congress to bar debt collectors from making threats to take actions which cannot legally be taken, and such harms furnish standing to assert a § 1692e(5) claim. *See id.* at 692. Accordingly, the Court finds that the undisputed facts demonstrate Mayfield's standing.

The Court pauses to note that, both here and in the *Wiley* matter, the Court has "properly and squarely placed [the burden of proving Article III standing] on Plaintiff's shoulders." (Def.'s Mem. in Opp'n to Pl.'s Mot. for Summ. J. [Doc. No. 38], at 12.) PRA faults the Court for improperly shifting the burden to prove standing to PRA in the *Wiley* matter. In *Wiley*, the Court reasoned:

> PRA's standing arguments are focused on Plaintiffs' allegations that PRA violated Plaintiffs' informational rights under the FDCPA. PRA has not persuasively explained why Plaintiffs do not have standing to assert that PRA's threat to obtain default judgments based on its defective summons

violated the FDCPA, and the Court finds that Plaintiffs have standing to assert such a claim.

*Wiley v. Portfolio Recovery Assocs., LLC*, No. 20-cv-00737 (SRN/KMM), 2021 WL 780763, at *5 n.5 (D. Minn. Mar. 1, 2021). The Court's language does not suggest that the Court improperly shifted the burden of proof to PRA. Rather, the Court noted that PRA's standing arguments focused on whether the plaintiffs demonstrated an injury in fact based on the misinformation contained in PRA's summons. Such arguments were relevant to whether the plaintiffs had standing to assert FDCPA claims based on the violation of the informational rights preserved by the FDCPA, but do not speak to whether PRA's threat to obtain an invalid default judgment caused an injury in fact. Therefore, PRA had not carried *its* burden to "demonstrate on the record the existence of specific facts" creating a genuine issue with respect to the *Wiley* plaintiffs' standing to assert their § 1692e(5) claim. *Krenik v. Cty. of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995) (internal quotation marks omitted). Here, as in *Wiley*, Mayfield has carried her burden to prove that PRA's threat caused an injury in fact supporting Article III standing.

### 2. Statute of Limitations

The Court next considers PRA's argument that Mayfield's claims are time-barred.[4] The FDCPA requires that all claims under the statute be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Mayfield's Complaint, in the

---

[4] Although Mayfield argued in her reply memorandum that PRA waived its statute of limitations argument by failing to raise it in its Motion to Dismiss, Mayfield's counsel conceded at oral argument that PRA was not required to raise the defense in its Rule 12(b)(6) motion.

9

Court's view, alleges two separate violations of the FDCPA: (1) when PRA served its summons on her, and (2) when PRA filed its summons in Hennepin County District Court. (*See* Compl. ¶¶ 23, 49-50.) PRA served the summons on November 10, 2019, and Mayfield filed this action on January 1, 2021. Insofar as Mayfield's claims relate to the service of the summons, therefore, the claims are time-barred.

Mayfield appears to concede as much, and instead argues that the operative violation is PRA's *filing* of its summons on January 9, 2020—comfortably within the limitations period. Noting that the served summons is identical to the filed summons, PRA invokes *Fraenkel v. Messerli & Kramer, P.A.*, where this Court held that the service of a complaint within the limitations period, which repeated the same information contained in letters sent outside the limitations period, was a "[n]ew communication[] . . . concerning an old claim" and did "not start a new period of limitations." No. 04-cv-01072 (JRT/FLN), 2004 WL 1765309, at *4 (D. Minn. July 29, 2004) (quotation omitted).

However, the Eighth Circuit has since abrogated the "new communications concerning an old claim" rule. In *Demarais v. Gurstel Chargo, P.A.*, the district court reasoned that "communications during the course of litigation that merely restate or relate back to assertions made in the complaint do not restart the limitations period," and concluded that the debt collector's appearance in court to collect the debt alleged in the complaint did not start a new limitations period. 869 F.3d 685, 694 (8th Cir. 2017). The Eighth Circuit reversed:

> The district court erred. If a debt collector violates the FDCPA, an individual may sue to enforce FDCPA liability within one year of that violation. It does not matter that the debt collector's violation restates earlier assertions—if the

10

> plaintiff sues within one year of the violation, it is not barred by § 1692k(d). Each alleged violation of the FDCPA is evaluated individually to determine whether any portion of the claim is not barred by the statute of limitations. Any other rule would immunize debt collectors from later wrongdoing.

*Id.* (cleaned up). Although the Eighth Circuit did not mention *Fraenkel*, the court's holding is inconsistent with the "new communications concerning an old claim" rule.

Applying *Demarais*, "[i]t does not matter that" PRA's filed summons "restates earlier assertions" in its served summons. *Id.* The Court must separately consider whether the filing of the summons within the limitations period constitutes a violation of the FDCPA. Accordingly, the Court finds that Mayfield's claims arising from the filing of the defective summons are not time-barred.

### 3.   Section 1692e(5) Claim

The Court now turns to the merits of Mayfield's § 1692e(5) claim. In order to establish liability, an FDCPA plaintiff must prove that: "(1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; [and] (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Klein v. Stewart Zlimen & Jungers, Ltd.*, No. CV 18-658, 2019 WL 79317, at *3 (D. Minn. Jan. 2, 2019). In conducting its analysis, the Court bears in mind that "[t]he FDCPA is a remedial, strict liability statute which was intended to be applied in a liberal manner." *Picht v. Hawks*, 77 F. Supp. 2d 1041, 1043 (D. Minn. 1999), *aff'd sub nom. Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446 (8th Cir. 2001).

Although PRA contests some of the facts asserted in Mayfield's memorandum in support of her motion, PRA does not appear to dispute that Mayfield was the object of

11

collection activity arising from a consumer debt, or that PRA is a debt collector. Mayfield has alleged both these elements, and has presented unrebutted evidence supporting those allegations. At summary judgment, PRA may not "rest on mere allegations or denials but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." *Krenik v. Cty. of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995) (internal quotation marks omitted). The Court finds that Mayfield has established the first two elements of her claim.

By contrast, PRA vigorously contests whether it has engaged in an action that violates the FDCPA. The FDCPA is structured to provide several general prohibitions, coupled with enumerated subdivisions containing more specific corollaries of those general prohibitions. The general prohibition in § 1692e is that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. One of the various corollaries of this prohibition is that a debt collector cannot make a "threat to take any action that cannot legally be taken or that is not intended to be taken." The Eighth Circuit has held that a violation of § 1692e and its subdivisions must be material. *Hill v. Accounts Receivable Servs., LLC*, 888 F.3d 343, 346 (8th Cir. 2018) ("We join the Seventh Circuit and the other circuits that have applied a materiality standard to § 1692e.").

Whether PRA made a "threat to take any action that cannot legally be taken" hinges on whether (1) PRA's summons was legally defective, (2) whether PRA threatened to pursue a default judgment based on that summons, and (3) whether the summons's defect prevented PRA from obtaining a legally valid default judgment. It is incontrovertible that

PRA's summons failed to comply with Minnesota Rule of Civil Procedure 4.01, that it was therefore legally defective, and that the defect prevented PRA from obtaining a valid default judgment. This Court previously found as much, and PRA is precluded from relitigating the issue here. *See Wiley v. Portfolio Recovery Assocs., LLC*, 2021 WL 780763, at *5 (finding "that PRA's summons violated Minnesota Rule of Civil Procedure 4.01, and was therefore legally defective," and that "PRA was not . . . legally entitled to obtain a default judgment based on its defective summons" (citation omitted)).

PRA argues that its summons did not constitute a "threat" to obtain a default judgment. Although the summons stated that Mayfield "must" serve her Answer to the North Dakota address, and warned: "**YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS**," PRA contends that this language constitutes a mandatory notice of the effect of a failure to answer a complaint—rather than a threat. But Congress did not define "threat" as the term is used in § 1692e(5). The plain meaning of the term is expansive: "threat" is defined to include "a suggestion that something unpleasant . . . will happen, especially if a particular action or order is not followed." *Threat*, Cambridge Dictionary; *see also Threaten*, Cambridge Dictionary ("to warn of something unpleasant or unwanted"); *Threaten*, Merriam-Webster ("to announce as intended or possible"). PRA's summons included the "suggestion" that PRA would pursue a default judgment, an "unpleasant" and "unwanted" result, if Mayfield did not comply with PRA's direction to send an answer to the North Dakota address. *Cf. Peterson v. W. Davis & Sons*, 11 N.W.2d 800, 803 (Minn. 1943) (noting that the purpose of a summons is

13

"to give the defendants notice that a proceeding has been instituted against them, and unless an answer or other pleading is interposed judgment will be entered").

Liberally construing the FDCPA, as the Court must, the Court finds that PRA's summons constituted a "threat." As the Court reasoned in *Wiley*, "[t]he clear implication of PRA's summons was that if Plaintiffs did not comply with PRA's directive, PRA would seek a default judgment." To be sure, Rule 4.01 required PRA to notify Mayfield that the failure to answer could result in a default judgment. Nevertheless, applying the plain meaning of the term and the liberal construction owed to remedial consumer-protection statutes, that warning constituted a "threat" under § 1692e(5). And, notably, it is a threat that PRA made good on. Rather than attempt to cure the defect in its summons, PRA obtained a default judgment, and resisted Mayfield's attempts to vacate it. (*See* Second Schwiebert Decl., Ex. M.)

The Court recognizes that construing PRA's summons as a "threat" to seek default judgment may expose debt collectors to FDCPA liability wherever their summons is fatally defective. But the FDCPA is a strict liability statute, and reflects Congress's judgment that debt collectors may, in certain respects, be held to a higher standard than other potential litigants. *Cf.* 15 U.S.C. § 1692(a) (finding "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors"). While the Court is mindful that the FDCPA is not an enforcement mechanism for state rules of civil procedure, the FDCPA's broad reach may, in some circumstances, result in FDCPA liability for the violation of even minor state laws. *Cf. Smith v. Stewart, Zlimen & Jungers, Ltd.*, 990 F.3d 640, 647 (8th Cir. 2021) ("We have previously recognized that even

14

relatively minor violations of state collection law may support a claim under § 1692f(1).""). This is such a case.

The Court further finds that PRA's threat to obtain a default judgment based on its defective summons was material. Here, as with PRA's standing contentions, PRA's arguments focus on whether the use of a North Dakota address was a material violation of the informational rights protected by the FDCPA. For example, PRA argues that "Plaintiff does not and cannot explain how including a North Dakota address in her summons undermined her ability to choose whether to answer a complaint." (Def.'s Mem. in Opp'n at 21.) While such arguments are relevant to whether the address is a material misrepresentation, they do not speak to Mayfield's § 1692e(5) claim. The threat to obtain a default judgment, especially an invalid one, is unquestionably material. PRA followed through on that threat, and maintained a default judgment against Mayfield for seventeen months, until the state court vacated it. As noted previously, Mayfield's efforts to vacate that judgment added an additional phase to the state court debt collection litigation against her. Accordingly, the Court finds that PRA's threat was material.

Insofar as PRA argues that the Court should not enforce the "antiquated" procedural requirement embodied in Rule 4.01 through the imposition of FDCPA liability, the Court notes that whether Rule 4.01 is a sound rule has no bearing on the FDCPA. The question for this Court is whether PRA threatened to take an action it legally could not take. Because of Rule 4.01, PRA legally could not obtain a valid default judgment on its summons. Nor is the Court persuaded by PRA's arguments regarding the statute's "spirit" and purpose. The plain meaning of § 1692e(5) is broad, and the statute's remedial purpose is broader

still. Liberally construing the statute to impose liability in this case is not inconsistent with the statute's purpose.

Finally, PRA argues that it did not control its attorney's action in preparing the summons, and therefore cannot be held liable under the FDCPA. PRA does not cite binding case law supporting the proposition that it cannot be held liable for the actions of its attorneys, and this Court has previously rejected PRA's argument. *See Racek v. Gurstel Chargo, P.A.*, No. 12-cv-00380 (DWF/SER), 2013 WL 4838900, at *5 (D. Minn. Sept. 11, 2013) (citing *Okyere v. Palisades Collection, LLC.*, Civ. No. 12-1453, 2013 WL 1173992 (S.D.N.Y. Mar. 22, 2013), as "respectfully disagreeing 'with the imposition of a requirement that an FDCPA plaintiff show specific acts of "control" when considering a debt collection company's liability for its attorney's actions' and citing cases that specifically note that vicarious liability may attach in the context of an attorney-client relationship where both the attorney and client are debt collectors"). The Court is persuaded by *Racek* and *Okyere*, and finds that Mayfield is not required to prove that PRA had control over its attorney's failure to comply with Rule 4.01.

In sum, the Court finds that PRA violated § 1692e(5) by filing its defective summons. The summons constituted a material threat to take an action which, due to PRA's failure to comply with Rule 4.01, could not legally be taken.[5] Accordingly, the Court grants

---

[5] PRA also argues that finding FDCPA liability based on PRA's violation of Rule 4.01 would violate PRA's rights under the First Amendment's petition clause. The First Amendment does not grant PRA a right to sue debtors in a manner that violates the FDCPA. *See Nyberg v. Portfolio Recovery Assocs., LLC*, No. 3:15-CV-01175-PK, 2016 WL 3176585, at *8 (D. Or. June 2, 2016) (collecting cases "support[ing] the conclusion that

Mayfield's Motion for Partial Summary Judgment as to liability, and denies PRA's Motion to Dismiss.

## III. CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss [Doc. No. 15] is **DENIED**; and

2. Plaintiff's Motion for Partial Summary Judgment [Doc. No. 29] is **GRANTED**.

**IT IS SO ORDERED.**


Dated: August 9, 2021                                     s/Susan Richard Nelson
                                                          SUSAN RICHARD NELSON
                                                          United States District Judge

---

the First Amendment does not confer a right upon debt collectors to petition courts in a manner that violates the FDCPA.").